Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

HECTOR TAVERAS and CESAR GUZMAN GIL, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

"ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, name of the corporation being fictitious and unknown to Plaintiffs, and JOSE DELACRUZ and SOBEIDA DELACRUZ, as individuals,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **HECTOR TAVERAS and CESAR GUZMAN GIL,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **"ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, name of the corporation being fictitious and unknown to Plaintiffs, and JOSE DELACRUZ and SOBEIDA DELACRUZ, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES , located at 88 Essex Street New York, NY 10002.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

***The Plaintiffs***

7. Plaintiff HECTOR TAVERAS residing in Yonkers, NY 10701 was employed by Defendants at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, from in or around October 2014 until in or around May 2024.
8. Plaintiff CESAR GUZMAN GIL residing in Whitestone, NY 11357 was employed by Defendants at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, from in or around April 2020 until in or around April 2024.

***The Defendants***

***Corporate Defendant***

**"ABC Corporation" d/b/a VIVA FRUITS & VEGETABLES**

9. Upon information and belief, Defendant "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, is a corporation organized under the laws of New York with a principal executive office at 88 Essex Street New York, NY 10002.

10. Upon information and belief, Defendant "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, is a corporation authorized to do business under the laws of New York.
11. At all relevant times hereto, Defendant "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.
12. Accordingly, at all relevant times hereto, Defendant "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
13. On information and belief, "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES , is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**JOSE DELACRUZ and SOBEIDA DELACRUZ**

14. At all relevant times hereto, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ own and operate "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES.
15. Upon information and belief, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ are agents of "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES.
16. At all relevant times hereto, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ are responsible for overseeing the daily operations of "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES.

17. At all relevant times hereto, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ have power and authority over all the final personnel decisions at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES.
18. At all relevant times hereto, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ have power and authority over all final payroll decisions at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, including the Plaintiffs.
19. At all relevant times hereto, Defendants JOSE DELACRUZ and SOBEIDA DELACRUZ have the exclusive power to hire and fire employees at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiffs.
20. During all relevant times herein, Defendants "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, JOSE DELACRUZ and SOBEIDA DELACRUZ were Plaintiffs' employers within the meaning of the FLSA and NYLL.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in December 2024, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning December 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

### HECTOR TAVERAS

22. Plaintiff HECTOR TAVERAS was employed by Defendants at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, as a loader, organizer, delivery person, stocker, and cleaner, while performing other miscellaneous duties, from in or around October 2014 until in or around May 2024.
23. During the relevant statutory period, Plaintiff regularly worked six (6) days per week from in or around December 2018 until in or around December 2020; four (4) days per

week from in or around January 2021 until in or around December 2021; and five (5) days per week from in or around January 2022 until in or around December 2024.

24. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at:

    i. approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, six (6) days per week from in or around December 2018 until in or around December 2020;

    ii. approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, four (4) days per week from in or around January 2021 until in or around December 2021; and

    iii. approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, five (5) days per week from in or around January 2022 until in or around December 2024.

25. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around December 2018 until in or around December 2020; forty (40) hours per week from in or around January 2021 until in or around December 2021; and fifty (50) hours per week from in or around January 2022 until in or around May 2024.

26. During the relevant statutory period, Plaintiff was paid by Defendants a flat weekly rate of approximately $400.00 per week from in or around December 2018 until in or around December 2019; and approximately $600.00 per week from in or around January 2020 until in or around May 2024.

27. Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around December 2018 until in or around December 2019; and from in or around January 2024 until in or around May 2024, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

28. Although, Plaintiff worked approximately sixty (60) hours per week from in or around December 2018 until in or around December 2020; and fifty (50) hours per week from in or around January 2022 until in or around May 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
30. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
31. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
32. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
33. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CESAR GUZMAN GIL**

34. Plaintiff CESAR GUZMAN GIL was employed by Defendants at "ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, as a helper, delivery person, stocker and truck maintenance worker, while performing other miscellaneous duties from in or around April 2020 until in or around April 2024.
35. Plaintiff regularly worked three (3) days per week from in or around April 2020 until in or around December 2022; four (4) days per week from in or around January 2023 until in or around December 2023; and three (3) days per week from in or around January 2024 until in or around April 2024.
36. Plaintiff regularly worked a schedule of shifts beginning at:

i. approximately 11:00 a.m. and regularly ending at approximately 7:00 p.m. or later, three (3) days per week, from in or around April 2020 until in or around December 2020;

ii. approximately 11:00 a.m. and regularly ending at approximately 7:00 p.m. or later, two (2) days per week; and approximately 10:00 a.m. and regularly ending at approximately 6:00 p.m. or later, one (1) day per week, from in or around January 2021 until in or around December 2022;

iii. approximately 8:00 a.m. and regularly ending at approximately 7:00 p.m. or later, three (3) days per week; and approximately 10:00 a.m. and regularly ending at approximately 6:00 p.m. or later, one (1) day per week, from in or around January 2023 until in or around December 2023; and

iv. approximately 8:00 a.m. and regularly ending at approximately 7:00 p.m. or later, two (2) days per week; and approximately 10:00 a.m. and regularly ending at approximately 6:00 p.m. or later, one (1) day per week, from in or around January 2024 until in or around April 2024.

37. Thus, Plaintiff was regularly required to work approximately twenty-four (24) hours per week from in or around April 2020 until in or around December 2022; forty-one (41) hours per week from in or around January 2023 until in or around December 2023; and forty (40) hours per week from in or around January 2024 until in or around April 2024.

38. Plaintiff was paid by Defendants a flat hourly rate of approximately $10.50 per hour for all hours worked from in or around April 2020 until in or around December 2022; and approximately $11.50 per hour for all hours worked from in or around January 2023 until in or around April 2024.

39. Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around April 2020 until in or around April 2024, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

40. Although, Plaintiff worked approximately forty-one (41) hours per week from in or around January 2023 until in or around December 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, Plaintiff worked in excess of ten (10) or more hours per day approximately three (3) days per week, from in or around January 2023 until in or around December 2023; and approximately two (2) days per week, from in or around January 2024 until in or around April 2024; however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
42. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
43. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
44. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
45. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
46. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

47. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

48. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment, in violation of the NYLL.

49. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

50. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

51. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

53. Collective Class: All persons who are or have been employed by the Defendants as truck loaders, organizers, delivery persons, helpers, stockers and truck maintenance workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

54. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.
55. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
56. Defendants' unlawful conduct has been widespread, repeated, and consistent.
57. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
58. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
59. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
60. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
61. The claims of Plaintiff are typical of the claims of the putative class.
62. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
63. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

65. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

66. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

68. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

70. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

73. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

74. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**
**Minimum Wages Under New York Labor Law**

75. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.
76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.
77. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.
78. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.
79. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.
80. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
81. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FOURTH CAUSE OF ACTION**
**Spread of Hours Compensation Under New York Labor**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

84. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

**FIFTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

87. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

90. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 12, 2024
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR TAVERAS and CESAR GUZMAN GIL, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

"ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES, name of the corporation being fictitious and unknown to Plaintiffs, and JOSE DELACRUZ and SOBEIDA DELACRUZ, as individuals,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:

**"ABC CORPORATION" d/b/a VIVA FRUITS & VEGETABLES**
88 Essex Street New York, NY 10002

**JOSE DELACRUZ**
88 Essex Street, New York, NY 10002
228 East 3rd Street, #5B, New York, New York 10009

**SOBEIDA DELACRUZ**
88 Essex Street, New York, NY 10002
228 East 3rd Street, #5B, New York, New York 10009